UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00033-HBB

KIMBERLY B.[1]                                                          PLAINTIFF

VS.

FRANK BISIGNANO, COMMISSIONER OF
SOCIAL SECURITY                                                        DEFENDANT

MEMORANDUM OPINION
AND ORDER

I.        BACKGROUND

Before the Court is the Complaint (DN 1) of Kimberly B. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).    Both the Plaintiff (DN 13) and Defendant (DN 17) have filed a Fact and Law Summary.    Plaintiff has filed a Reply (DN 18).    For the reasons that follow, final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 14).    By Order entered January 2, 2025 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.    No such request was filed.

---

1  Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

## II.     FINDINGS OF FACT

On October 13, 2021, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 214-15).     Plaintiff alleged that she became disabled on October 1, 2021, as a result of type I diabetes, COPD, asthma, hypertension, heart attack, diabetic retinopathy, swelling in legs, and severe leg cramps (Tr. 100).     The application was denied initially on May 3, 2022, and upon reconsideration on July 18, 2022 (Tr. 106, 114).     On July 26, 2022, Plaintiff requested a hearing before an ALJ (Tr. 136-38).

On June 9, 2023, Administrative Law Judge ("ALJ") Steven Collins conducted a telephonic hearing (Tr. 50).     Plaintiff and her attorney, Richard Anthony Vitale, participated in the hearing (Tr. 50).     Renee Smith, an impartial vocational expert, testified at the hearing (*Id.*).

In a decision dated December 14, 2023, ALJ Collins evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 50-59).     The ALJ noted that the Plaintiff met the insured status requirements of the Social Security Act (Tr. 52).     At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 1, 2021 (*Id.*).     At the second step, the ALJ determined that Plaintiff has the following severe impairments: coronary artery disease, myocardial infarction, diabetes mellitus, hyperlipidemia, hypertension, and asthma (*Id.*).     At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 53).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except she can occasionally climb ramps and stairs, but can never climb ladders, ropes, and scaffolds; she needs a thirty-minute sit/stand

2

option allowing one-to-two minutes to change position while staying on task; she can frequently handle and finger with the bilateral upper extremities; she must avoid concentrated exposure to extreme cold, extreme heat, vibration, fumes, odors, dusts, gases, and poor ventilation; and she must avoid all exposure to dangerous machinery and unprotected heights (Tr. 55). The ALJ found that the Plaintiff can perform past relevant work as a "Teachers Aid" (Tr. 58-59). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from October 1, 2021, through the date of the decision (Tr. 59).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 1-4). The Appeals Council denied Plaintiff's request for review (*Id.*).

### III.    CONCLUSIONS OF LAW

#### A.    Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).   At that point, the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Thus, the Court reviews the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision.   42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

### B.    The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities.   42 U.S.C. §§ 401 et seq.   The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §404.1505(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520.   In summary, the evaluation proceeds as follows:

1)    Is the claimant engaged in substantial gainful activity?

2)    Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)    Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)    Does the claimant have the RFC to return to his or her past relevant work?

5)    Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 404.1520(a)(4)(i)-(v).

### C.     Evaluating Plaintiff's Claimed Symptoms

*1.  Arguments of the Parties*

Plaintiff avers that the ALJ's RFC is not supported by substantial evidence because he failed to meaningfully evaluate Plaintiff's subjective statements as to her symptoms and medical opinion evidence (DN 13 PageID # 1462-64).    Plaintiff cites 20 C.F.R. § 404.1529(c)(4) to support her position that ALJ Collins failed to adequately evaluate consistency and supportability of her claimed symptoms in conjunction with objective medical evidence (*Id.* at PageID # 1463-64).    Specifically, Plaintiff believes ALJ Collins erred by finding the evidence "generally" supported Plaintiff's claimed limitations, but then failed to provide the "detailed analysis required" under § 1529 (*Id.* at PageID # 1466).    Plaintiff contends that the ALJ's analysis is conclusory and lacks the required specificity to connect his reasoning to the evidence (*Id.* at PageID # 1466-69).

In response, Defendant contends that ALJ Collins reasonably concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence (DN 17 PageID # 1478).    Thus, Defendant believes that the ALJ's RFC finding is supported by substantial evidence and comports with applicable law, so it should not be disturbed (*Id.* at PageID # 1478-84).    Defendant characterizes Plaintiff's argument as improperly asking this Court to reweigh the evidence (*Id.* at PageID # 1483).

In reply, Plaintiff specifies that she is arguing ALJ Collins erred in finding that she can perform light work including standing and walking for six to eight hours per day because it is inconsistent with the ALJ's acknowledgement that the record reflects complications in the lower extremities and with Dr. Khattar's medical opinion (DN 18 PageID # 1485).    Plaintiff maintains

5

that the ALJ's discussion was inadequate, leaving it up to guesswork as to how the ALJ evaluated the record and Plaintiff's symptoms (*Id.* at PageID # 1486).

   2.  *Applicable Law*

   In assessing a claimant's RFC, the ALJ must necessarily consider the subjective allegations of the claimant and make findings.   20 C.F.R. § 404.1529; Social Security Ruling 16-3p.   A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged.   20 C.F.R. § 404.1529(a).   In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in *Duncan v. Sec'y of Health & Hum. Servs.*, 801 F.2d 847, 853 (6th Cir. 1986), applies.    First, the ALJ must "examine whether there is objective medical evidence of an underlying medical condition."   *Id.*   If there is, then the ALJ must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain."   *Id.*   When the reported pain and other symptoms suggest an impairment of greater severity than shown by the evidence, the ALJ will consider other information and factors which may be relevant to the degree of pain and other symptoms alleged.   20 C.F.R. § 404.1529(c)(3).

   3.  *Discussion*

   Plaintiff contends that the ALJ's decision inadequately analyzes the objective evidence and her testified symptoms and limitations (DN 13 PageID # 1465-69).   Plaintiff specifically complains of ALJ Collins's inclusion of "arduous standing/walking requirements of light work"

6

(*Id.* at PageID # 1465).   Plaintiff believes that "the ALJ has simply cursorily summarized some

evidence and stated a conclusion that [Plaintiff's] statements about her symptoms and limitations

are not 'fully supported'" (*Id.* at PageID # 1466).

> ALJ Collins summarized Plaintiff's testimony as:
>
> The claimant reports that her impairments are more debilitating and have
> progressed and worsened and render her unable to work . . . The claimant said she
> stopped working due to consistent leg swelling and pain that would cause her to be
> unable to stand on them for very long.   She said leg swelling has been getting
> worse for this [sic] past 6 months.    In terms of functional ability, the claimant said
> she is able to stand for 15-20 minutes, then her legs start swelling, aching and
> throbbing and she has to sit and elevate her feet in another chair at waist level for
> 30 minutes before she can resume standing and walking.   She said she can lift ½
> gallon milk from the kitchen table with both hands and carry it 4-5 steps.    She said
> she is unable to hold onto things and drops things due to weakness and sometimes
> pain.    She said she has weakness at least 3-4 times per week (Claimant's testimony
> and Exhibits 2E, 5E, 6E, 13E).

(Tr. 55-56).   ALJ Collins found "claimant's statements concerning the intensity, persistence and

limiting effects of these symptoms are not entirely consistent with the medical evidence and other

evidence in the record for the reasons explained in this decision." (Tr. 56).   ALJ Collins continued

to the second step of the *Duncan* test if medical evidence confirms the severity of the alleged pain

or could reasonably expect to produce such disabling pain.    *See Duncan*, 801 F.2d at 853.

Plaintiff argues that ALJ Collins provided "global citations" thus "leaving the reader to

comb through the underlying record . . . in search of the ALJ's explanation which, even then, can

only be *guessed at*, contrary to basic principles of judicial review" (DN 13 PageID # 1467).

Plaintiff cites *Sparks v. Kijakazi*, but that case dealt with 20 C.F.R. § 404.1520c and the five-factor

analysis of a medical opinion: thus, it is inapposite here.    (*Id.* at PageID # 1467-68) (citing No.

2:21-CV-102-DCP, at *19 (E.D. Tenn. Sep. 28, 2022).   While the ALJ cited to exhibits without

specifying page numbers and some of those exhibits are hundreds of pages, such use of citation

does not render the analysis without meaning.   (Tr. 57) (citing to exhibits 1F, 8F, 13F, 18F, 79, and 19F).

Had ALJ Collins made "a single, conclusory statement that [Plaintiff's] alleged symptoms were inconsistent with other evidence [that] would have constituted legal error." *Carter v. Comm'r of Soc. Sec.*, No. 5:24-CV-00087-KKC, 2024 U.S. Dist. LEXIS 223087, at *7-8 (E.D. Ky. Dec. 10, 2024) (citing SSR 16-3p) (citation modified).   ALJ Collins provided several paragraphs of analysis discussing the relevant medical evidence.   *See id.* (no error found where ALJ provided several pages of analysis that discussed evidentiary sources and required factors). ALJ Collins synthesized the medical evidence supporting her alleged diabetes symptoms:

> The claimant is also diagnosed with type II diabetes mellitus with circulatory complications.   The claimant was diagnosed with type I diabetes mellitus at age 3.   Treatment records reflect diabetic complications of neuropathy with complaints of diabetic peripheral neuropathy and pain in the bilateral lower extremities, and proliferative diabetic retinopathy of both eyes.   She receives eye injections to control flame hemorrhages.   The claimant's diabetes has been medically managed with Metoprolol and Lantus slow-acting insulin.   Her blood sugar has remained at stable levels of 100-170 with appropriate medication management.   Physical examinations have otherwise shown that the claimant was neurovascularly intact.   Physical examinations have shown normal gait and normal strength in all extremities graded as 5/5.   Cardiac and respiratory auscultation were normal and neurologic exam was normal.   Range of motion testing was normal in all peripheral joints. Straight leg raising test was negative. Sensation was decreased in the bilateral fingertips and in the lower extremities. The record does not state that the claimant's diabetes has been poorly controlled. There is no history of complications such as weakness in the lower extremities or disorganization of motor function that might suggest significant diabetic motor neuropathy, no open-sores, wounds, or diabetic ulcers, end organ damage, or renal failure; conditions that are associated with prolonged uncontrolled diabetes mellitus.   The claimant has never been hospitalized for diabetes (Exhibits 1F, 8F, 13F, 18F, 79; 19F).

(Tr. 57).   This analysis is similar to the analysis in *Carla S. v. Comm'r of Soc. Sec.* where the court upheld the ALJ's decision as sufficient:

Moreover, the ALJ did not err in his consideration of the objective medical evidence. (Doc. #7-2, *PageID* #s 49-52). While the ALJ cannot rely on the objective medical evidence alone in his symptom severity analysis, the ALJ is mandated to seek and consider the objective medical evidence. *See* 20 C.F.R. § 404.1529(c)(2); *Gentry*, 741 F.3d at 726. The ALJ detailed all the medical records regarding Plaintiff's back and lower extremities' pain, diabetes mellitus, hypertension, and anxiety. (Doc. #7-2, *PageID* #s 49-51). Although Plaintiff contends that this review was "conclusory only," and not an analysis, Plaintiff fails to note that the ALJ's detail of the medical record precedes his full analysis on the following page. (Doc. #8, *PageID* #590); (Doc. #7-2, *PageID* #52). Having examined the medical record, the ALJ explained that Plaintiff's pain in her back and lower extremities improved with medication treatment, leading to a normal gait and full range of motion in her joints. *Id.* Additionally, the ALJ accounted for Plaintiff's "lumbar degenerative disk disease, degenerative joint disease, osteoarthritis, and psoriatic arthritis" as well as her "reoccurring hip pain requiring adjustment of her medications" in finding a light-work RFC with postural limitations. *Id.* The ALJ noted that medication had also controlled Plaintiff's diabetes and hypertension, which produced "minimal to no functional limitations associated with these conditions." *Id.* As discussed above, the ALJ explicitly considered Plaintiff's obesity for its potential strain on Plaintiff's joints, effect on manipulating objects, and effect on intolerance to temperature extremes in assigning a light-work RFC. *Id.* Finally, the ALJ provided mental limitations in the RFC to account for Plaintiff's anxiety to the extent her limitations are supported by the medical records and medication history. *Id.* In summary, the ALJ properly considered the objective medical evidence in his subjective symptom analysis.

No. 1:22-CV-662, 2024 U.S. Dist. LEXIS 56396, at *25-26 (S.D. Ohio Mar. 28, 2024). Drawing out the similarities, here ALJ Collins "detailed all the medical records regarding Plaintiff's diabetes mellitus and her symptoms of limited ability to stand and walk. *Id.*; (Tr. 57). ALJ Collins noted that her blood sugar has remained stable and physical examination have shown her to have "normal gait and normal strength in all extremities grade as 5/5" (Tr. 57). *See id.* at *24 ("For example, Plaintiff alleged she would be unable to work due to her diabetes . . . However, after reviewing the medical record, the ALJ found that Plaintiff's blood levels had improved with medication, indicating that it was under control and would have minimum to no effect on Plaintiff's functional limitations."). ALJ Collins further noted "no history of complications such as

weakness in the lower extremities or disorganization of motor function" that would support her alleged symptoms (Tr. 57). *See id.* at *26 ("The ALJ noted that medication had also controlled Plaintiff's diabetes and hypertension, which produced 'minimal to no functional limitations associated with these conditions.'"). While Plaintiff testified to more severe symptoms affecting her ability to sit and stand, ALJ Collins properly analyzed and considered her testimony in conjunction with the medical evidence and found that while some of limitations were supported, the full extent of her claimed symptoms is not supported (Tr. 58). Thus, ALJ Collins included some postural limitations in the RFC findings, but not to the extent Plaintiff testified (*See id.*).

Plaintiff also complains that ALJ Collins found Dr. Khattar's medical opinion to be supported by evidence in the record, then improperly provided only "conclusory analysis" that did not discuss evidence in support of "Plaintiff's significant standing/walking, and manipulation, limitations" (DN 13 PageID # 1468-69). Essentially, Plaintiff believes the RFC finding should have included greater postural limitations as supported by Dr. Khattar (*See* DN 18 PageID # 1485). To begin, the ALJ's discussion of Dr. Khattar's findings are:

> In making the above findings, the undersigned has considered the February 19, 2022 consultative examination opinion of Dr. Nicholas Khatter [sic], who said the claimant is limited in the ability to sit, stand, or ambulate due to bilateral lower extremity edema and associated shortness of breath from asthma. He said she was limited in the ability to perform fine motor tasks due to diabetic neuropathy. He said she could perform all activities of daily living unassisted (Exhibit 9F). Although Dr. Khatter [sic] did not give an opinion with vocationally specific functional limitations, the vague statement of "limited ability to stand" is accounted for in the residual functional capacity and is somewhat persuasive. The opinion is consistent with the author's own examination and the treatment history as of the date of the examination and is supported by other substantial evidence of record; including, results of clinical testing, treatment notes, diagnoses, and physical examination findings, which further support the opinion.

(Tr. 57) (referencing Tr. 519-30). ALJ Collins found Dr. Khattar's opinion to be "somewhat persuasive" (*Id.*) and Plaintiff does not attack his persuasiveness determination, but that ALJ

10

Collins did not adopt the full limitations opined by Dr. Khattar having found his opinion to be somewhat persuasive (DN 13 PageID # 1465-66).

The main thrust of Plaintiff's argument conducts an analysis of her symptoms and how they are supported by Dr. Khattar's opinion and the evidence:

> Regarding CE Dr. Khattar's opinion, as above the ALJ found it "somewhat persuasive," as "consistent with his own examination and by the other substantial evidence of record." *See again* Doc. 8, PageID 75.  Dr. Khattar's description, although admittedly not very specific, is patently consistent with Plaintiff's testimony of her legs "swelling constantly and throbbing and hurting," Doc. 8, PageID 98 (testimony), especially considering Dr. Khattar's finding of bilateral edema.  Doc. 8, PageID 540.  His exam is also consistent with her testimony regarding difficulty in grasping and dropping things as he found "sensation decreased in fingertips with numbness and tingling."  *Id*.  It is also consistent with objective exam findings in the record related to her neuropathy and edema. *See, e.g.,* Doc. 8, PageID 466-67.  Thus, in addition to being improper conclusory analysis that does not facilitate meaningful judicial review, the ALJ's discussion of the record is decidedly selective in nature, not acknowledging or discussing evidence which consistently supports the existence of Plaintiff's significant standing/walking, and manipulation, limitations.  This sort of selective analysis has also long been rejected, as not being substantial evidence supporting an ALJ's denial.  *Beard v. Saul*, 2019 U.S. Dist. LEXIS 190042, at *39 (N.D. Ohio Nov. 1, 2019) (an ALJ "may not cherry-pick facts to support a finding of non-disability while ignoring evidence that points to a disability finding."); *Damron v. Comm'r of Soc. Sec.*, 2017 U.S. Dist. LEXIS 12459, at *7 (N.D. Ohio Jan 30, 2017) (an ALJ "may not distort the evidence by 'cherry-picking' only a few selective portions of it while ignoring its true overall nature.").

(*Id.* at PageID # 1468-69) (footnotes omitted).    However well formulated an analysis this might be, the undersigned's review of the ALJ's decision is "quite limited" because "in these social security appeals, we do not weigh evidence, assess credibility, or resolve conflicts in testimony." *Masterson v. Comm'r of Soc. Sec.*, No. 24-5512, 2025 U.S. App. LEXIS 2135, at *3 (6th Cir. Jan. 28, 2025) (citation modified).    Instead, the court reviews the ALJ's decision for substantial evidence.  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the

other way." *Cotton*, 2 F.3d at 695 (quoting *Casey*, 987 F.2d at 1233).    While Plaintiff articulates a cogent argument for why the evidence would support a decision in her favor, the undersigned finds that substantial evidence supports the ALJ's findings.

Further, ALJ Collins did not "cherry pick" facts because he did not fail to "acknowledge evidence that potentially supports a finding of disability." *Beard v. Saul*, No. 1:18-CV-02500, 2019 U.S. Dist. LEXIS 190042, at *38 (N.D. Ohio Nov. 1, 2019).    ALJ Collins "acknowledged and analyzed evidence that would have supported a more restrictive RFC" including Dr. Khattar's report.    *Id.* at *39.    Further, Dr. Khattar's report is vague, as Plaintiff admits (DN 13 PageID # 1468) ("Dr. Khattar's description, although admittedly not very specific . . .").    Dr. Khattar did not include specific limitations in his opinion, but generally opined:

> The patient is limited in his [sic] ability to sit, stand, or ambulate due to the BLE edema and associated shortness of breath from asthma.    She is limited in her ability to perform fine motor tasks due to the diabetic neuropathy.    She can perform all activities of daily living unassisted.

(Tr. 522) (*See* DN PageID # 1485 (Plaintiff relies on these general statements and others as the basis of her argument)).    ALJ Collins included postural limitations, consistent with Dr. Khattar's opinion that Plaintiff "is limited in his [sic] ability to sit, stand, or ambulate" (*Id.*).    Even had Dr. Khattar's opinion included more specific and restrictive postural limitations, being only somewhat persuasive, it does not defeat the substantial evidence supporting the ALJ's RFC finding.    ALJ Collins's detailed analysis, as discussed *supra*, is not "cherry picking" but reflects "the right of the ALJ to read the record differently form the claimant, so long as the reasons for doing so are clear and valid." *Damron v. Comm'r of Soc. Sec.*, No. 3:16-CV-322, 2017 U.S. Dist. LEXIS 12459, at *19 (N.D. Ohio Jan. 20, 2017).    Thus, substantial evidence supports ALJ Collins's finding that Plaintiff can perform light work with additional limitations.

The undersigned finds that ALJ Collins properly analyzed Plaintiff's symptoms with the objective medical evidence, and that his determination is supported by substantial evidence and comports with applicable law.

### D.    Conclusion

In conclusion, because the ALJ's decision is supported by substantial evidence and comports with applicable law, the undersigned must defer to his determination.    *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).    Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.    42 U.S.C. § 405(g).    Therefore, Plaintiff is not entitled to relief with regard to her challenge.

### IV.    ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.


**H. Brent Brennenstuhl**
**United States Magistrate Judge**
August 22, 2025


Copies:    Counsel